# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE HILLIARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-769-SMY |
| | ) |
| KEVIN W. KINK, | ) |
| BENJAMIN LEWIS, | ) |
| SHANAE MAYBERRY, | ) |
| MATTHEW TRIBBLE, | ) |
| L. LIVINGSTON, | ) |
| J. WHELAN | ) |
| and D. BROWN, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Andre Hilliard, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Stateville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while incarcerated at Lawrence Correctional Center ("Lawrence"). Plaintiff claims Defendants violated his due process rights under the Fourteenth Amendment in connection with a disciplinary ticket that was later expunged.

This case is now before the Court for preliminary review of the Amended Complaint (Doc. 6) pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must

1

be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 6): Plaintiff was given a disciplinary ticket for fighting on December 19, 2018. (*Id.,* p. 8). In the disciplinary ticket, C/O Tribble stated that he saw Plaintiff fighting with another inmate. (*Id.*). Plaintiff was taken to segregation. (*Id.*).

D. Brown, the hearing investigator, failed to investigate the incident and did not interview Plaintiff or call any of his witnesses. (*Id.*, p. 4-5, 9). Whelan "could have prevented all this by doing his job by talking to Internal Affairs" instead of placing Plaintiff in temporary confinement. (*Id.*, p. 9).

On December 30, 2018, Plaintiff went before the Adjustment Committee on the ticket. (*Id.*). Plaintiff pled "not guilty" and gave a written statement denying that he threw a punch and asking for a full investigation. (*Id.*). The Committee members, Lewis and Mayberry, found Plaintiff guilty based at least in part on his "admission of guilt" and recommended 45 days in segregation, loss of offender grade for 3 months, and revocation of 15 days of good conduct credit. (*Id.*, pp. 8, 14). This recommendation was adopted by Warden Kink, although it appears that one of his subordinates ("DMB") signed on his behalf.[1] (*Id*., p. 15).

While in segregation, Plaintiff was placed on crisis or suicide watch multiple times. (*Id.*, p. 8). "All of these incidents took a toll on the Plaintiff" mentally and physically "because Plaintiff was placed in segregation falsely." (*Id.*).

---

[1] A later form filled out by Defendant Livingston suggests that this was Deanna Brookhart, the current Acting Warden.

On January 22, 2019, Plaintiff submitted a grievance regarding the disciplinary ticket and Adjustment Committee hearing. (*Id.*, p. 18). Livingston, a Grievance Officer, reviewed the Adjustment Committee's report and acknowledged the inconsistency regarding Plaintiff's plea, but found no grounds to change the decision and recommended that the grievance be denied. (*Id.*, p. 20). Plaintiff appealed this denial and the Administrative Review Board found in his favor, ordering expungement of the disciplinary ticket. (*Id.*, p. 8-9, 13).

Based on the allegations in the Amended Complaint, the Court finds it convenient to organize the *pro se* action into the following Count:

>**Count 1:** **Fourteenth Amendment claim against Kink, Lewis, Mayberry, Tribble, Livingston, Whelan and Brown for violating Plaintiff's procedural due process rights during the disciplinary hearing, affirming the resulting decision of the Adjustment Committee and denying his subsequent grievance.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

### Discussion

A plaintiff does not state a claim for procedural due process violations unless the state has first deprived him or her of such a constitutionally protected interest, and an inmate's liberty interest in avoiding segregation is limited. *Hardaway v. Meyerhoff*, 734 F.3d 740 (7th Cir. 2013). Specifically, a protected liberty interest arises only if Plaintiff's confinement in segregation "imposed an atypical and significant hardship on the inmate in relation to the ordinary incidents

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

of prison life." *Id.* at 743 (*citing Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Courts consider two factors when making this determination: "the combined import of the duration of the segregative [sic] confinement and the conditions endured." *Id.*

For relatively short periods of disciplinary segregation, inquiry into specific conditions of confinement is unnecessary. *Younger v. Hulick*, 482 F. App'x 157, 159 (7th Cir. 2012) (citing *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005); *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1997)). In that vein, longer periods in disciplinary segregation than the 45 days at issue here have been found not to require specific inquiry into conditions. *See Lekas* (56 days) and *Thomas* (70 days). *See Goings v. Jones*, No. 16-CV-00833-NJR-DGW, 2018 WL 2099877, at *5 (S.D. Ill. May 7, 2018); *Martinez v. Bebout*, No. 14-CV-453-JPG, 2014 WL 2109778, at *3 (S.D. Ill. May 20, 2014). The problem presented by Plaintiff's short-term stay in segregation is compounded by his failure to allege that the conditions in segregation were unusually harsh or substandard.

In summary, Plaintiff's stay in segregation was too short to give rise to a protected liberty interest, particularly without any allegation that the conditions therein were unduly harsh. Without a protected liberty interest, there can be no due process violation. As such, Plaintiff's Amended Complaint must be dismissed.

## Motions for Recruitment of Counsel

Plaintiff has filed Motions for Recruitment of Counsel (Docs. 2 and 9), which are **DENIED**.[3] Plaintiff did not provide sufficient information for the Court to determine if he has made a reasonable effort to obtain counsel on his own. His first Motion included a single denial letter and his second Motion does not describe any further attempts to contact other attorneys.

---

[3] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

(Docs. 2 and 9). Further, other than the fact that his highest level of education is grammar school, he provides no reasons that suggest he is unable to litigate the matter himself at this early stage. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Thus, the Court finds that Plaintiff is capable of proceeding *pro se*, at least for now and the motion is denied. The Court will remain open to the appointment of counsel in the future.

### Disposition

Plaintiff's Amended Complaint (Doc. 6) is **DISMISSED without prejudice**. Plaintiff's Motion for Service of Process at Government Expense (Doc. 8) is **DENIED as moot**. Plaintiff's Motions for Recruitment of Counsel (Docs. 2 and 9) are **DENIED without prejudice.**

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **March 20, 2020.** Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the existing complaints, rendering the prior complaints void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of

whether Plaintiff elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 21, 2020**

/s/ Staci M. Yandle
**STACI M. YANDLE**
**U.S. District Judge**